[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE THE COMPLAINT
Plaintiff Steve Havrilesko alleges the following:
He is a partner in a partnership known as The Arthur Roy Dietrich Association, Inc. (Dietrich Associates), which partnership was formed by him, Richard Getty, and Arthur Roy Dietrich.
The partnership was formed for the purpose of investing in and acquiring certain stock of defendant Field-Holstein, Inc.
An agreement and addendum thereto were entered into for the benefit of himself and Dietrich Associates, in general. Said agreement and addendum were signed by A. Searle Field, as President of Field-Holstein, Inc., and A.R. Dietrich, as President of Dietrich Associates.
According to the agreement as amended, the sales price to be paid for the stock was $2,688,300.00, to be payable with a $10,000.00 non-refundable deposit, a $150,000.00 deposit refundable in the event that financing was not secured, and the balance at closing.
Pursuant to the agreement as amended, said plaintiff forwarded a $75,000.00 check to A. Searle Field which check stated "Refundable if financing is not obtained."
A. Searle Field deposited said check into the account of defendant Field Industries, Inc. Retirement Plan ("Field Industries"). Said check was not applied in accordance with CT Page 8586 the agreement as amended, but rather was used for the benefit of defendants, A. Searle Field and Field Industries.
Financing for the purchase of the stock of Field-Holstein, Inc. was not obtained, and said plaintiff sought return of the $75,000.00 deposit. However, defendants have not returned said amount to said plaintiff.
In Count 1 said plaintiff alleges breach of contract.
In Count 2 he alleges unjust enrichment.
In Count 3 he alleges conversion.
In Count 4 he alleges a violation of CUTPA.
Defendants seek to strike the complaint. First, they claim that the plaintiffs have no legal interest in the contract. Second, they claim that the complaint fails to join a necessary party. The court holds that, as alleged, plaintiff, Steve Havrilesko, does in fact have an interest in the contract. He alleges that he is a partner in a partnership which has a contract with defendant Field-Holstein, Inc. Connecticut General Statutes 34-47(1) provides:
 "Every partner is an agent of the partnership for the purpose of its business . . ."
The court agrees, however, that as alleged in the complaint, Carol Havrilesko has no interest in the contract.
Second, defendants claim that the complaint should be stricken because it fails to join a necessary party. The court disagrees. Connecticut General Statutes 52-108
provides:
 "An action shall not be defeated by the non-joiner of parties . . ."
Furthermore, in light of C.G.S. 34-47(1) the court does not believe the partnership itself is a necessary party.
Accordingly, the motion to strike as to plaintiff Steve Havrilesko is denied. The motion to strike as to Carol CT Page 8587 Havrilesko is granted.
Allen, J.